## IN RE ROBINSON.

*Habeas corpus — Criminal law — Abrogation of workhouse con-
tract by commissioners — During period of imprisonment of
defendant — Power of sheriff to transfer defendant to work-
house provided by county commissioners — Power of court to
modify judgment after expiration of term at which made.*

1. A court of common pleas has no power or authority to modify
   its judgment after the term at which it was made has expired,
   except in a manner pointed out by statute.

2. Where a defendant is sentenced by a common pleas court to
   pay a fine and costs and to stand committed to a certain work-
   house until the fine and costs are paid or until he is discharged
   by due process of law, the subsequent abrogation by the county
   commissioners of their contract with such workhouse and the
   notification by the workhouse authorities to the commissioners
   to remove such defendant, do not authorize the court after
   the term at which such defendant was sentenced to modify
   the judgment entry by finding the amount of fine and costs
   not worked out and ordering the defendant committed to
   another workhouse until such sum shall be paid by the labor of
   the defendant or until the balance of the fine and costs should
   be paid by him.

3. Under such a state of facts the sheriff of the county is author-
   ized to transfer the defendant to the workhouse which the
   county had provided for the incarceration of prisoners sen-
   tenced by its courts, regardless of the lack of authority of the
   common pleas court to modify its judgment.

(Decided January 7, 1917.)

ERROR: Court of Appeals for Clinton county.

*Messrs. Hayes & Hayes,* for Ben Robinson.

*Mr. Joe. T. Doan,* prosecuting attorney, for
State of Ohio.

BY THE COURT. This proceeding was originally
one in *habeas corpus* brought by Ben Robinson,

claiming that he is unlawfully restrained of his liberty by the sheriff of Clinton county.

It appears that at the October term of the common pleas court of Clinton county Ben Robinson was indicted on two separate indictments, one charging him with unlawfully selling intoxicating liquors to a minor, and the other charging him with keeping a place where intoxicating liquors were sold contrary to law. These indictments were numbered separately 3325 and 3326. Upon being arraigned Robinson pleaded guilty to both indictments; and the court adjudged him to pay a fine of $100 and costs in each case, and to stand committed to the Cincinnati workhouse to be kept at hard labor until the fines and costs were paid, or until he should be discharged by due process of law.

Robinson was taken to the Cincinnati workhouse and turned over to the authorities of that institution. He continued there until March 31, 1916, at which time the authorities of the Cincinnati workhouse notified the county commissioners of Clinton county to remove Robinson from the Cincinnati workhouse and that they would no longer be responsible for his care.

The commissioners of Clinton county had, prior to the October term, 1915, a contract with the workhouse authorities of the city of Cincinnati for the receiving and maintenance of the prisoners committed thereto by the courts of Clinton county. This contract the commissioners of Clinton county abrogated and rescinded February, 1916, and thereupon entered into a contract with the authorities having control of the workhouse of the city of Xenia.

The sheriff of Clinton county, on being notified that Robinson would not be longer retained in the Cincinnati workhouse, took possession of him and turned him over to the authorities of the Xenia workhouse. Before his doing so, however, the court of common pleas made an entry on or about April 5, 1916, modifying the judgment entry of the October term, 1915, in which entry the court found the amount of the fines and costs not worked out by Robinson in the Cincinnati workhouse to be $32.94 in one case, and $114.54 in the other, and ordered that he be committed to the workhouse of the city of Xenia until said sums should be paid by the labor of Robinson at the rate of sixty cents per day, or until the balance of the fines and costs should be paid by him. The court of common pleas dismissed the plaintiff's petition in *habeas corpus,* and Robinson prosecutes error to this court to reverse this judgment.

The claim, and practically the only claim urged by Robinson's counsel, is that the court of common pleas was not authorized in April, 1916, to modify an entry made at the October term, 1915; and that, therefore, Robinson is not held under any sentence or judgment of the court and should be discharged.

Manifestly the court of common pleas had no power or authority to modify its judgment after the term at which it was made had expired, except in a manner pointed out by statute. The reason for modifying the judgment by the court of common pleas in April, 1916, does not fall within any of the grounds set out in the statute, and therefore the court had no power or authority to modify this judgment as to Ben Robinson in either of the cases

in which he pleaded guilty.   But Robinson having
been confined in the Cincinnati workhouse, which
was the institution to receive him under the pro-
visions of the contract between the authorities of
that institution and the commissioners of Clinton
county, the state of Ohio and the county of Clinton
had a right to retain Robinson in custody until he
complied with the judgment of the court requiring
him to either pay his fine and costs or work the
same out at the rate of sixty cents per day as pro-
vided in the judgment of the court.   From the fact
that the county of Clinton had no contract with the
authorities of the Cincinnati workhouse which
would compel that institution to keep Robinson in
custody when this situation presented itself, and
had a contract with the authorities of the work-
house of the city of Xenia, the sheriff of Clinton
county was authorized and warranted under the
law, in our opinion, in transferring Robinson from
the Cincinnati workhouse to the workhouse which
the county of Clinton provided for the incarcera-
tion of prisoners sentenced by its courts; and, there-
fore, regardless of the power and authority of the
common pleas court to modify its judgment, we
hold that the sheriff of the county was warranted
in taking Robinson from the Cincinnati workhouse
and transferring him to the workhouse of the city
of Xenia.

In this view of the case the modification of the
entry made by the court of common pleas of Clinton
county was not prejudicial to Ben Robinson.   He
was lawfully in the custody of the sheriff at the
time the writ of *habeas corpus* was sued out, and
the sheriff was authorized to take him to the work-

house of the city of Xenia until the judgment of the court which sentenced him in the October term, 1915, had been complied with.

For the reasons stated the judgment of the court of common pleas will be affirmed.

*Judgment affirmed.*

JONES, E. H., JONES, OLIVER B., and GORMAN, JJ., concur.