Weygandt, C. J.
 

 At the threshold of this discussion it should be observed that this case involves no question of priority among creditors who have filed claims in the. Ohio court. Counsel agree that the single question presented, for consideration below and here is whether the Ohio court should have used all available Ohio assets for the sole purpose of paying all unsecured claims allowed by the Ohio court. Or, was it error for the Ohio court to consider, as well, the available Missouri assets and the unsecured claims allowed by the Missouri court?
 

 
 *395
 
 The Court of Probate and the Court of Appeals were in agreement as to the general rule of law applicable under circumstances similar to those present in this case. This general rule is summarized in the recent Restatement of Conflict of Laws, 607, Section 503, as follows:
 

 “Where the entire estate is insolvent, the court in which administration proceedings are carried on will as far as possible marshal the assets under its control in such a manner as to secure to all creditors a pro rata percentage of their claims.”
 

 To the same effect and in the same volume, 602, Section 497, appears the following more extended statement:
 

 “All creditors of a decedent who have proved their claims in a competent court in which there are administration proceedings of the estate of that decedent are entitled to share pro rata in any application of the assets of the local administrator to the payment of claims irrespective of the source of such assets or of the residence, place of business, domicil or citizenship of the creditors, except
 

 (a) where there are valid claims against specific funds, or
 

 (b) where there are valid preferences given by local statute to creditors of a particular class.”
 

 Another succinct restatement of the general rule appears in 21 American Jurisprudence, 862, Sections 877 and 878, as follows:
 

 “As a general rule, in paying the debts of the deceased, the creditors residing in the state of the ancillary administration are to be paid in full before the balance is paid over to the primary or domiciliary administrator, provided the estate is solvent. All preferences and priorities as to the payment of such debts recognized by the local laws must be followed,
 
 *396
 
 inasmuch as the law of the forum governs the payment of debts and matters of administration.
 

 “Where an estafe is insolvent, different rules apply in regard to the payment of claims. Where only the ancillary estate is insolvent, nonresident creditors should look to the principal estate for payment. But where both estates are insolvent, nonresident creditors may share in both, although apparently they will not be permitted to receive, in the aggregate, a larger per cent than resident creditors receive from the ancillary estate. Thus, under the rule applied in some jurisdictions, local creditors must be paid their pro rata to the full extent that other creditors will be paid out of the decedent’s estate before nonresident creditors are permitted to participate in the local assets. The true principle which should govern in all such cases is to marshal the assets under administration so as to produce equality among creditors, whether foreign or domestic. ’ ’
 

 In 18 Ohio Jurisprudence, 801, Section 813, the Ohio rule is stated as follows: •
 

 “The general object of the ancillary administration is to administer the assets found within the state, and remit the proceeds to the parent administration, but, if there are home creditors, the courts having control of such ancillary administration will not allow the estate to be remitted to the foreign state until such creditors are first paid. Local creditors of a nonresident decedent whose estate is insolvent will not be forced to go into the domicil of the decedent to collect their demands, so long as there is property within the local jurisdiction which may be subjected to the payment of their debts. If the general estate is solvent they are paid in full; but if not, they are paid pro rata, taking the whole estate and the whole liabilities into account to ascertain such pro rata payment. Some
 
 *397
 
 old authorities, acting on the maxim that all foreigners are barbarians and enemies, required the home creditors to be paid in full, if the assets within the state are sufficient, without regard to the solvency of the general estate. Such a principle is now hardly recognized as sound, or as comporting with the age, especially as between citizens of different states of a common Union. ’ ’
 

 In his opinion in the case of
 
 Williams’ Administrators
 
 v.
 
 Welton’s
 
 Administrator, 28 Ohio St., 451, Judge Johnson of this court in discussing the rights of “home creditors” under an ancillary administration said on page 466:
 

 “If the general estate is
 
 solvent
 
 they are paid
 
 in full;
 
 but if not, they are paid
 
 pro rata,
 
 taking the
 
 whole estate
 
 and the
 
 whole liabilities
 
 into account to ascertain such
 
 pro rata
 
 payment. ’ ’
 

 However, this statement was not incorporated in the syllabus, and counsel agree that it probably was not necessary fcTr a decision in that case. But it is consistent with the general rule then and now.
 

 After agreeing that the general rule is in conformity with the foregoing statements, the Court of Appeals in the instant case expressed the view that, irrespective of what the rule may have been in this state, the matter now is controlled by statutes which prevent an Ohio ancillary administrator from remitting to a domiciliary administrator in another state until the assets in this state have been used for the full payment of claims allowed in this state. The sections of the General Code relied upon are:
 

 “10511-12. Except as is otherwise provided by law, the procedure in ancillary administration shall be the same as in administration of the estates of resident decedents.”
 

 . “10511-14. Creditors having claims against such es
 
 *398
 
 tate shall file them with the ancillary administrator within the time and in the manner provided by law as to estates of resident decedents.”
 

 “10511-25. When the expense of the ancillary administration, including such attorney’s fee as is allowed by the court, all public charges and taxes, and all claims of creditors presented as herein provided, have been paid, any residue of the personal estate, and the proceeds of any real estate sold for the payment of debts, shall be distributed by the ancillary administrator as follows:
 

 “(a) With the approval of the court such residue may be paid over and delivered to the domiciliary administrator or executor, or
 

 “(b) If the court so orders, such residue shall be paid over and delivered to the persons entitled thereto.”
 

 A study of these sections discloses that the first two relate simply to the process of filing claims and that the procedure is the same in ancillary as in domiciliary administration. In other words, a creditor who desires to have his claim allowed by an Ohio court in either an ancillary or a domiciliary administration must file his claim “within the time and in the manner provided by law as to estates of resident decedents.” There is nothing in the language to justify an inference that an Ohio ancillary administrator is required to pay the claims allowed in Ohio without consideration of the assets and claims allowed in the domiciliary administration.
 

 Special reliance is placed upon Section 10511-25, G-eneral Code,
 
 supra.
 
 A study of this statute immediately gives rise to the question whether these provisions relate to “claims” or to “distribution.” Bo they relate to payment of creditors or to payment of distributees? The three chief duties of an administrator are (1) collection of assets, (2) payment of debts
 
 *399
 
 and (3) distribution of any balance to legatees, devisees and any others entitled to share therein. As it did in the original Senate bill, this section bears the title “Distribution” and appears near the end of the group of statutes relating to ancillary administration. It provides simply for the “distribution” of any “residue * !if * to the persons entitled thereto.” In the administration of an insolvent estate the assets are exhausted by the creditors and nothing remains for “distribution” to legatees, devisees and others entitled thereto. Hence, this statute is not applicable under the circumstances of the instant case.
 

 The judgment of the Court of Appeals must be reversed and that of the Court of Probate affirmed.
 

 Judgment reversed.
 

 Zimmerman, Bell, Williams, Turner, Matthias and Hart, JJ., concur.