No. 16,324.

HILLIARD, ADMINISTRATOR *v*. COLCLAZIER, ADMINISTRATOR.
(220 P. [2d] 853)

Decided June 5, 1950.

Mr. LENNART T. ERICKSON, for plaintiff in error.

Mr. FORREST C. NORTHCUTT, Mr. EDWARD A. JERSIN, for defendant in error.

*En Banc.*

MR. JUSTICE HAYS delivered the opinion of the court.

PAUL E. WALTON died intestate in the state of New Mexico leaving assets in both New Mexico and Colorado. At the time of death, decedent's domicile was in the

State of New Mexico. Letters of administration were issued to defendant in error Colclazier in New Mexico, and to plaintiff in error Hilliard in Colorado in ancillary proceedings. The only claim filed against the estate in Colorado was a claim of the fifth class of Dr. L. W. Lee, and the time has now expired for the filing of further claims. Considered separately, there are sufficient assets in Colorado, if available for the payment of Lee's claim, to pay same in full. Considered as a whole, the estate is insolvent and there are insufficient funds to pay all of the claims filed in both domiciliary and ancillary estates.

The New Mexico administrator filed a petition in the county court of City and County of Denver wherein such ancillary proceedings are pending, reciting the above facts, and praying that the court, after determining the value of the property located in both states, order the payment of Lee's claim upon a pro-rata percentage basis as determined by the amount of claims duly allowed by the probate court in both states. The Colorado administrator moved to dismiss the petition upon the grounds, as said, that it failed to state a claim against the estate upon which relief could be granted, and that the court was without jurisdiction over the subject matter and parties. The trial court overruled the motion to dismiss; sustained the petition of the New Mexico administrator; ordered Lee's claim to be paid, not in full, but upon a pro-rata percentage basis, and that the remaining funds after such payment be transmitted to the New Mexico administrator for the payment of claims filed against the estate there on the same pro-rata basis. The Colorado administrator seeks reversal on writ of error.

The sole question presented for determination is whether the local creditor is entitled to payment of his claim in full from local assets or entitled only to his pro-rata share of the whole estate. In other words, should all creditors of the same class, regardless of place

of residence, be treated alike or should local ones be preferred?

It is now quite generally recognized that all creditors of the same grade, resident and nonresident, should receive from an insolvent estate only their pro-rata share of the assets thereof. The rule is well stated, as follows:

"*Solvency or insolvency of estate generally.* While the chief object of an ancillary administration is the protection of local creditors, it cannot be made the means of giving such creditors any superior rights in case the estate as a whole is insolvent, it being the general policy of the law that in such cases all the property applicable to the payment of the debts should be distributed among creditors pro rata according to the classification of their claims without regard to where the assets may be found or the creditors reside. It follows that if the estate as a whole is solvent the ancillary representative may proceed to pay the claims of local creditors in full, but if it is not, local creditors are entitled to receive only such an amount as represents their pro rata share of the whole estate, although they are entitled to receive that amount from the ancillary representative who need not transmit the assets in his hands to the domiciliary representative but may retain them until the amount to which each claimant is entitled is ascertained." 34 C.J.S., p. 1252, §1004.

"Effect of Insolvency.—Where an estate is insolvent, different rules apply in regard to the payment of claims. Where only the ancillary estate is insolvent nonresident creditors should look to the principal estate for payment. But where both estates are insolvent, nonresident creditors may share in both, although apparently they will not be permitted to receive, in the aggregate, a larger per cent than resident creditors receive from the ancillary estate. Thus, under the rule applied in some jurisdictions, local creditors must be paid their pro rata to the full extent that other creditors will be paid

out of the decedent's estate before nonresident creditors are permitted to participate in the local assets. The true principle which should govern in all such cases is to marshal the assets under administration so as to produce equality among creditors, whether foreign or domestic." 21 Am. Jur., p. 863, §878.

In the American Law Institute's Restatement of the Law—Conflict of Laws, under the heading "Decedent's Estates," we find the following:

"§497. All creditors of a decedent who have proved their claims in a competent court in which there are administration proceedings of the estate of that decedent are entitled to share pro rata in any application of the assets of the local administrator to the payment of claims irrespective of the source of such assets or of the residence, place of business, domicile or citizenship of the creditors, except

"(a) where there are valid claims against specific fund, or

"(b) where there are valid preferences given by local statute to creditors of a particular class."

"§501. How Claims Against an Insolvent Estate are Paid. In the payment of creditors of an insolvent estate, the court in each state will, so far as possible, secure pro rata payment of all claims."

"§502. How Claims Against an Insolvent Estate Are Paid; Proportionate Payment. If the entire estate is insolvent, the court in each state in paying claimants who have proved their claims therein will pay only such proportion of each claim as, added to what the claimant has theretofore received in other states, will put him on an equality with the other creditors paid in the local court."

"§503. How Claims Against an Insolvent Estate Are Paid; Marshalling Assets. Where the entire estate is insolvent, the court in which administration proceedings are carried on will as far as possible marshal the assets

under its control in such a manner as to secure to all creditors a pro rata percentage of their claims."

A few of the many decisions in which the above rules have been recognized are: *In re Van Bokkelen's Estate,* 279 N. Y. S. 420, 155 Misc. 289; *Dawes v. Head,* 3 Pick. (Mass.) 128; 44 A.L.R. 803, 164 A.L.R. 766; *Ramsay v. Ramsay,* 196 Ill. 179, 63 N.E. 618; *In Re Estate of Hirsch,* 146 O. St. 393, 66 N.E. (2d) 636, 164 A.L.R. 761; see, also, annotations 106 A.L.R. 899, 44 A.L.R. 801.

The judgment of the trial court is accordingly affirmed.

MR. JUSTICE ALTER dissents.

MR. JUSTICE HOLLAND not participating.