STATE v. MARKOS.

Common Pleas Court, Tuscarawas County.

No. 9430. Decided November 3, 1961.

*Mr. Harlan R. Spies,* prosecuting attorney, and *Mr. James S. Patrick,* assistant prosecuting attorney, for plaintiff.
*Mr. Joseph H. Streb,* for defendant.

LAMNECK, J.   The defendant herein, George Markos, was convicted by a jury on six counts of bribery, at a trial over which the Hon. Frank F. Cope presided.

On June 28, 1960, he was sentenced to the Ohio State Penitentiary for not less than one nor more than ten years on the second count, and not less than one nor more than ten years to the same institution on the third count, the sentences to run consecutively.

He was placed on probation for a period of five years on counts four to seven inclusive under certain terms and conditions.

After sentence was imposed, the defendant perfected an appeal to the Court of Appeals and thence to the Supreme Court of Ohio.   Both of these courts affirmed the conviction.

Thereafter an application for a writ of certiorari was filed in the Supreme Court of the United States which was refused.

On October 18, 1961, the defendant filed an application in this court asking the court to modify the sentences imposed on the second and third counts, and place the defendant on probation on these two counts.

On October 26, 1961, the Supreme Court of Ohio filed a mandate in this court, ordering this court to execute the sentence.

The matter is now before the Court on the defendant's petition to modify the judgments relating to counts two and three. The issue is confined to the question whether the court, after the denial of an appeal in the Court of Appeals, the Supreme Court of Ohio and the United States Supreme Court can modify a legal sentence subsequent to the term at which it was rendered.

In 1 Freeman on Judgments (5 Ed.), 432, Section 220, the general rule covering the power of a court, *independent of statute*, to vacate its orders and judgments after term is stated as follows:—

"*Independent of statutory provisions* and notwithstanding the general rule limiting the courts authority over judgments to the term at which they were rendered, it has power to correct non-judicial mistakes in its proceedings and may annul within a reasonable time, orders and judgments inadvertently or improvidently made."

*In re Estate of Gray*, 162 Ohio St., 384, 123 N. E. (2d), 408, the Supreme Court held that the power of a trial court to modify its orders and judgments is not limited to statutory grounds but includes equitable grounds as well. In that case the court vacated an order discharging a surety of an executor on equitable grounds because a fraud had been committed by said executor upon the estate of a decedent.

The petition for modification of sentence in the instant case cannot be entertained on equitable grounds, or as a non-judicial mistake, an inadvertent judgment, or an improvident judgment.

The court therefore has no authority to entertain the instant petition for modification unless it is based on statutory provisions.

In 16 Ohio Jurisprudence (2nd), 103, Section 729, it is stated that the discretionary power of the trial court, at the term at which judgment and sentence are entered, to reverse its judgment is well established. But after the term at which judgment was entered, the trial court has no power or authority to modify its judgment except in such manner as pointed out by statute. See *In re Robinson*, 8 Ohio App., 391, 30 O. C. A., 333.

Section 2949.02 and 2949.03 of the Revised Code, authorizes the suspension of execution of sentence pending an appeal.

Section 2947.06 of the Revised Code, gives a court jurisdiction to suspend the imposition of sentence and place a defendant on probation.

In determining whether the court should suspend the imposition of sentence, and place a defendant on probation, Section 2947.06 of the Revised Code, authorizes the court to take testimony in mitigation of sentence at the term of conviction or plea, or at the next term.

In the instant case there was a suspension of sentence, pending appeal, and the imposition of sentence was suspended as to four counts in the indictment.

It was held *In re Silverman*, 69 Ohio App., 128, 42 N. E. (2d), 87, that after a defendant has been sentenced, the trial court has no jurisdiction at a subsequent term of court to disturb the judgment either by setting it aside or by suspending its execution.

If a court has passed an illegal sentence upon an accused, it has been held that a trial court is not without power to resentence, although part of the illegal sentence has been served. See *Grossner* v. *State*, 18 O. C. C. (n. s.), 46.

In 15 American Jurisprudence, 129, Section 473, it is stated as a general rule that the power of a trial court over a valid sentence pronounced by it ceases at the end of the term except for purposes of enforcement.

Under former Section 13696 of the General Code, it was provided that "when a person is convicted of an offense punishable, either in whole or in part, by a fine, the court, by motion may hear testimony in mitigation of sentence. The court shall hear such testimony at the term at which the motion is made,

or may continue the case to the next term on like terms, as the case might have been continued before verdict or confession."

This section was replaced by Section 13451-2 of the General Code which became effective on July 21, 1929. At that time the section was changed in part to provde: "The court may hear testimony in mitigation of sentence at the term of conviction or plea, or at the next term."

This same language is contained in Section 2947.06 of the Revised Code which has been effective since October 1, 1953.

Under Sections 2951.02 and 2951.07, Revised Code, a judge may suspend the imposition of sentence not to exceed five years, and place an offender on probation.

*In re Silverman*, 69 Ohio App., 128, 42 N. E. (2d), 87, the defendant was convicted for embezzlement in 1939 and was sentenced to an indeterminate sentence in the Ohio Penitentiary. Before he was conveyed to the penitentiary he was conveyed to the Federal Penitentiary at Lewisburg, Pa., for a federal offense for which he was previously sentenced on June 15, 1939, by a federal court.

Following his release from the federal institution, he was taken into custody by the sheriff of Cuyahoga County under the order of the state court rendered in 1939.

Motions were filed in the state trial court in 1940 to either suspend execution of the sentence or set aside the judgment of conviction so that he might withdraw his plea of guilty and enter a plea of not guilty. These motions were overruled by the trial court.

Thereafter the prisoner was ordered released on a writ of habeas corpus. An appeal was taken from this judgment. The Appellate Court reversed the order of the Court of Common Pleas granting the writ.

The Appellate Court held that the state trial court was clearly right in overruling the motions because it had no authority to disturb the conviction either by setting it aside or by suspending its execution. The litigation had come to rest in a final judgment, and the term of court at which it had been rendered had passed. *Whatever control the court had to modify expired with the term.*

*Oxman* v. *United States*, 148 Fed. (2d), 750, cited by the defendant is not applicable to the instant situation. Under the

bribery statute, the only mitigation possible is to suspend imposition of sentence and place a convicted person on probation.

Mitigation of sentence means reduction, diminishing or lessening amount of penalty or punishment. See Words and Phrases, Vol. 27, Page 401.

As previously stated, Section 2947.06, Revised Code, authorizes a trial court to hear testimony in mitigation of sentence after a conviction or plea of guilty and before the imposition of a sentence to determine whether a defendant should be placed on probation. It does not specifically authorize a court to place a defendant on probation after a valid sentence has been imposed subsequent to the term at which sentence was imposed.

Even if it could be so construed, it would be an anomaly to permit a defendant to appeal a valid sentence, and after the appeal is denied to empower the trial court to modify the penalty provisions of a valid sentence, even during term. The legislature certainly did not intend that a defendant should seek to set aside a conviction and valid sentence in a trial court by proceedings on appeal, and then in the event of failure, file an application thereafter to be placed on probation. An unsuccessful appeal of a valid sentence constitutes a waiver of the right to ask for probation.

In *McLaughlin* v. *State*, 20 O. C. C. (n. s.), 492, the court made this observation as set forth on page 500:

"It has also been suggested that the young man has been rehabilitated, has overcome his bad habits, recovered from the use of drugs and stimulants and been sufficiently punished; that confinement in the penitentiary will not further reform him, nor benefit him, or society, that such confinement may have the opposite effect. While feeling the weight of these suggestions, we know of no jurisdiction this court has to reduce the sentence and suggest that such representations should be made to the pardoning power, in which we have no part."

Petitions containing hundreds of signatures, including many prominent citizens, business heads and even members of the Bar of our county, were filed with the application in the instant matter, requesting the court to grant leniency to the defendant. The signing of such a petition and having it filed

in court presents a serious question. A Judge is required by law to take an oath to administer justice without respect to persons. He cannot be swayed by friendship or public opinion, but must be governed solely by the facts and circumstances in each case coming before him presented in court as provided by law.

The court feels that the filing of such a petition is highly improper if not in violation of law.

The law provides for an investigation to determine whether a defendant should be placed on probation. It also provides for the taking of testimony in open court to mitigate a possible sentence. If testimony is taken in mitigation, witnesses must appear in open court and submit to cross-examination. There is no provision for persons not a party to an action, to file a petition to mitigate.

A trial court is not a board of pardons or endowed with authority to extend executive clemency. The law has provided for proper procedures on the subject of executive clemency, and if the defendant is deserving of consideration the request should be made to the proper state authority and not to the court.

Section 2949.05, Revised Code, provides that if the judgment of the trial court is affirmed on appeal or if leave to file an appeal is refused, the trial court shall carry into execution the sentence or judgment which had been pronounced against a defendant.

The Court having received a mandate from the Supreme Court of Ohio to carry the sentence of the court into execution on counts two and three in the indictment, it is now ordered that a warrant to convey the defendant to the Ohio Penitentiary on counts two and three in the indictment be issued to the Clerk of this Court directed to the sheriff of Tuscarawas County, Ohio, to be executed within five days from date hereof as provided by Section 2949.12 of the Revised Code.

It is further ordered that the time fixed in the entry of court for the defendant to do certain acts as conditions of probation as set forth in the judgment of the court dated June 28, 1960, if not already performed, shall be performed within the time fixed from this date instead of June 28, 1960.