Because I conclude that appellant is entitled to receive the proceeds of the malpractice settlement, I respectfully dissent.
No one disputes that Donald's brothers and sisters intended for Donald to receive the real estate located at 1190 Marian Avenue. No one disputes that but for the errors of the original attorney, Donald would have owned this real estate. No one disputes that Donald intended to devise the Marian Avenue real estate to appellant. Finally, no one disputes that the malpractice settlement was based upon the original attorney's errors in attempting to transfer this real estate to Donald. What is disputed is whether appellant is entitled to the proceeds of the malpractice settlement.
The executor of an estate has a duty to distribute the assets of the estate to those beneficiaries who are entitled to them. See In reHirsch's Estate (1946), 146 Ohio St. 393, 398-99. "The principal function of the fiduciary of an estate under a will is to protect, preserve and pay out the assets according to law and the will." Hecker v. Schuler
(1967), 12 Ohio St.2d 58, 61.
The question becomes whether the malpractice settlement was ever an asset of the estate. This was a disputed claim that never reached a judgment. There was a settlement and the proceeds were delivered to the executor. The question then becomes whether the settlement was to return to the estate an asset that was lost or to pay to appellant (the beneficiary of the grant of real estate) what she had lost because of the malpractice. I believe that the obvious and equitable answer to this question is that the settlement is payment to appellant for what she has lost.
Because Donald intended to devise the Marian Avenue real estate to appellant, it is the duty of the executor of Donald's estate to distribute the malpractice settlement proceeds to appellant. The executor must distribute the assets justly and according to the wishes of the testator. In my opinion, the majority's resolution of the case is contrary to an executor's duties to distribute the assets as intended.
The majority's resolution of the case is also patently unjust because it grants a windfall to the estate. The doctrine of unjust enrichment is applicable, and I would award the proceeds of the malpractice settlement to appellant.
"The doctrine of unjust enrichment prevents a person from retaining a benefit to which he is not justly entitled under circumstances in which another person has a superior equitable claim to the benefit." Bank v.Flynn (Sept. 9, 1981), Butler App. No. CA79-04-0039, unreported, at 4, citing Freedline v. Cielensky (1961), 115 Ohio App. 138. "Unjust enrichment also results from a failure to make restitution where it is equitable to do so. *** That may arise when a person has passively received a benefit which it would be unconscionable for him to retain."Cosby v. Cosby (Feb. 20, 2001), Butler App. No. CA99-11-192, unreported, at 10, citations omitted. In the law of unjust enrichment, a "moral obligation thus becomes the basis for a legal obligation giving rise to an action[.]" Rice v. Wheeling Dollar Savings Trust Co. (1951),155 Ohio St.3d 391, 398.
In order for unjust enrichment to apply, privity between parties is not required. Bank at 4, citing Indian Hill v. Atkins (1950), 153 Ohio St. 562. Even so, privity is found between the executor/estate and the appellant/beneficiary. Unjust enrichment may apply even where the enriched individual does not act fraudulently or with malice. Nelis v. Ethridge
(Oct. 23, 2000), Warren App. No. CA2000-02-017, unreported, at 7, citingHummel v. Hummel (1938), 133 Ohio St. 520, 525-28.
Clearly, appellant's equitable claim to the malpractice settlement money is superior to that of the residuary beneficiaries. I believe that equity requires that appellant be compensated for the malpractice that prevented her from acquiring the Marian Avenue real estate to which she would have been entitled. Any other analysis of this case leads to an unconscionable result.
I would award appellant the full amount of the settlement proceeds after subtracting the appropriate attorney fees. Therefore, I respectfully dissent.