DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Washington County Court of Common Pleas, Probate Division, which denied Appellant Loretta Earley's application for a family allowance, pursuant to R.C. 2106.13, and denied her motion to rescind or annul the certificate of transfer that transferred the primary asset of her deceased husband's estate to his grandsons.
Appellant argues that she failed to request the allowance prior to the transfer because her attorney failed to apprise her of her rights under R.C. 2106.13. Thus, she maintains, the transfer should be rescinded because the family allowance is an absolute right of the surviving spouse.
We find appellant's arguments to be without merit and affirm the decision of the trial court.
STATEMENT OF THE CASE AND FACTS
The facts from the record pertinent to this appeal surround the administration of the estate of Floyd E. Earley, Sr. (Decedent), who died testate, November 20, 1999.
On February 2, 2000, Decedent's will was admitted to probate. The surviving spouse, Appellant Loretta Earley, was named as the executrix of the estate.
On March 3, 2000, an inventory and appraisal of Decedent's estate was filed with the Washington County Court of Common Pleas, Probate Division (probate court). The entire estate, to be probated and distributed by the court, consisted of two assets: (1) an undivided one-third interest in a one-hundred-forty-seven-acre tract of land, valued at $20,900; and (2) three oil and gas wells, aggregately valued at $4,500. The disposition of Decedent's interest in the tract of land is the subject of this appeal.
Decedent, in his will, specifically devised his interest in the tract of land to his grandsons, Brent D. Taylor and Ryan L. Earley (the grandsons).
On March 14, 2000, the probate court issued a citation to appellant, notifying her of her right to elect against Decedent's will, pursuant to R.C. 2106.01 and 2106.02. The citation stated that "you have one month from the date of service of this citation in which to make your election * * *."
On April 19, 2000, appellant filed an application with the probate court for a certificate of transfer, pursuant to R.C. 2113.61, to transfer Decedent's interest in the tract of land to the grandsons in accordance with Decedent's will. Appellant selected and marked a box on this form which stated that "Decedent's known debts have been paid or secured to be paid."
On April 26, 2000, the probate court issued the requested certificate, transferring Decedent's interest in the tract of land to the grandsons.
Thereafter, on July 18, 2000, appellant filed an application for the statutory family allowance of $40,000, as provided in R.C. 2106.13. However, the bulk of the estate had been depleted by the transfer of Decedent's interest in the tract of land to the grandsons. Consequently, on July 18, 2000, appellant also filed a motion with the probate court to rescind or annul the certificate of transfer of Decedent's interest in the tract of land to the grandsons. Appellant alleged that she "was not aware of her right to the allowance for support and she now wants to enforce that statutory right."
On July 24, 2000, the probate court issued its entry denying both requests of appellant, the application for the family allowance and the motion to rescind or annul the certificate of transfer. The probate court predicated its decision on two bases. First, it reasoned that appellant was not entitled to Decedent's interest in the tract of land because it is not "mansion house property." Second, the probate court stated that "the deadline for taking against the will expired on April 17, 2000."
Appellant filed a timely appeal and presents the following assignments of error for our review.
ASSIGNMENT OF ERROR NO. 1:
 IT WAS ERROR, AS A MATTER OF LAW, FOR THE PROBATE COURT NOT TO GRANT TO THE SURVIVING SPOUSE THE FAMILY ALLOWANCE REQUIRED TO BE SET ASIDE UNDER O.R.C. § 2106.13, AND THUS ANNUL OR RESCIND THE CERTIFICATE OF TRANSFER.
ASSIGNMENT OF ERROR NO. 2:
 IT WAS ERROR FOR THE PROBATE COURT NOT TO GRANT TO THE SURVIVING SPOUSE THE FAMILY ALLOWANCE REQUIRED TO BE SET ASIDE BY O.R.C. § 2106.13.
ASSIGNMENT OF ERROR NO. 3:
 IT WAS ERROR FOR THE PROBATE COURT NOT TO ANNUL OR RESCIND THE CERTIFICATE OF TRANSFER ISSUED IN THIS CASE, SO THAT THE PROPERTY COULD BE SOLD OR OTHER ACTION TAKEN TO GRANT TO THE SURVIVING SPOUSE THE FAMILY ALLOWANCE REQUIRED TO BE SET ASIDE BY O.R.C. § 2106.13.
ANALYSIS
The cornerstone of this appeal is appellant's allegation that, "[b]ecause the family allowance is an absolute right of the surviving spouse," the transfer of Decedent's interest in the tract of land to the grandsons should be rescinded. We disagree, and address appellant's assignments of error conjointly.
Our analysis is twofold: first, we will examine the probate court's decision to deny appellant's request to rescind the certificate of transfer; second, we will briefly analyze appellant's right to a family allowance.
We begin by addressing the decision of the probate court to deny appellant's request to rescind the certificate of transfer. Appellant argues that it was error, as a matter of law, for the probate court to deny appellant's request to rescind or annul the certificate of transfer.
Trial courts are permitted discretion in deciding whether to grant a request to rescind or annul a certificate of transfer. See In Re Estate of Demarco (Apr. 10, 1992), Ashtabula App. No. 91-A-1653, unreported. Thus, the proper standard of review for such cases is abuse of discretion, not, as appellant suggests, de novo review. See id.; see, generally, Weidner v. Blazic (1994), 98 Ohio App.3d 321, 648 N.E.2d 565.
The term "abuse of discretion" has been defined by the Supreme Court of Ohio as "more than an error of law or of judgment; it connotes an attitude on the part of the court that is unreasonable, unconscionable or arbitrary." Franklin Cty. Sheriff's Dept. v. Serb (1992),63 Ohio St.3d 498, 506, 589 N.E.2d 24, 30.
In evaluating the discretion of a lower court, a reviewing court must be circumspect. The fact that the reviewing court might reach a different conclusion than did the lower court does not establish an abuse of discretion. See Cox v. Fisher Fazio Foods, Inc. (1984), 13 Ohio App.3d 336,469 N.E.2d 1055. Rather, the reviewing court must demonstrate that the lower court's exercise of discretion was "not justified by, and clearly against, reason and the evidence; * * * such action must plainly appear to effect an injustice to the appellant." Sinclair v. Sinclair (1954),98 Ohio App. 308, 129 N.E.2d 311. Against this backdrop, we will consider whether the trial court abused its discretion in denying appellant's request to rescind or annul the certificate of transfer.
There is no specific statute dealing with vacating a certificate of transfer. However, the Supreme Court of Ohio has held that "[i]ndependent of statutory provisions and notwithstanding the general rule limiting the court's authority over judgments to the term at which they were rendered, [courts have] power to correct nonjudicial mistakes in [their] proceedings and may annul within a reasonable time, orders and judgments inadvertently or improvidently made." (Emphasis added.) In re Estate of Gray (1954), 162 Ohio St. 384, 390, 123 N.E.2d 408, 412; seeDemarco, supra (The court held the following. "Although a certificate of transfer is not an order per se, the certificate of transfer permits a party to transfer title of real property and is signed by the court. Logic dictates that the probate court may correct a mistake it has made concerning a certificate of transfer.").
In the matter before us, appellant argues that her failure to timely request the statutory allowance was due to her attorney's failure to properly apprise her of the law.
An order should not be vacated based solely on an allegation that, had the party been able to do it over again, she would have chosen differently. See In re Estate of Arledge (Nov. 23, 1993), Pickaway App. No. 93CA18, unreported ("Appellant contends that she should be permitted to change her mind after she executed the waiver. [W]e are not aware of any authority supporting her proposition. As we discussed * * * we find ample evidence to support the trial court's judgment finding that appellant * * * waived her right to a family allowance."). Rather, orders should be vacated when "the court has been deceived or is laboring under a mistake or misapprehension as to the state of the record or as to the existence of other extrinsic facts upon which its action is predicated." 1 Freeman on Judgments (5 Ed. 1925) 432, Section 220; see Gray,162 Ohio St. at 384, 123 N.E.2d at 408; State v. Markos (1961), 18 Ohio Op.2d 75, 179 N.E.2d 397. The supposed mistake in the case sub judice does not rise to this level.
The alleged mistake in the matter before us was not made by the probate court; rather it was wholly the product of appellant's supposed uninformed decision. See, e.g., Demarco, supra (explaining that "[l]ogic dictates that the probate court may correct a mistake it has made concerning a certificate of transfer" (Emphasis added.)).
To permit parties to relitigate the consequences of voluntary, deliberate choices, would be to encourage them to litigate carelessly in the first place. This would undoubtedly result in the gridlock of Ohio's courts with duplicative, perpetual litigation. The "integrity of the judicial system rests upon the conclusiveness and finality of judgments. The parties to an adversary proceeding must be able to rely upon the judgment once it has been entered * * *." Haendiges v. Widenmeyer Elec. Constr. Co. (1983), 9 Ohio App.3d 37, 38, 458 N.E.2d 437, 438; accord Bullock v. Kilgour (1883), 39 Ohio St. 543, 545 (holding that a final judgment is conclusive "upon the principle that the public good requires a limit to litigation"); see Chester v. Custom Countertop Kitchen (Dec. 17, 1999), Trumball App. No. 98-T-0193, unreported.
Whether appellant's alleged mistake was the result of the ill advice of her attorney is an issue that is not before this Court; such recourse, if appellant has any, does not lie in the present action.
We next briefly address appellant's argument that it was error, as a matter of law, for the probate court to deny appellant the family allowance as provided by R.C. 2106.13. We disagree as we find appellant effectively waived this right. R.C. 2106.13(A) states, in relevant part, the following.
If a person dies leaving a surviving spouse and no minor children * * * the surviving spouse * * * shall be entitled to receive * * * in money or property the sum of forty thousand dollars as an allowance for support. * * * The money or property set off as an allowance for support shall be considered estate assets. (Emphasis added.)
R.C. 2106.13(A). The use of the word "shall" in the statute indicates that the distribution of such funds is mandatory. See Leyshon v. Miller (Oct. 20, 1994), Washington App. No. 93CA37, unreported; see, also, R.C.2106.05 (explaining that the family allowance is given regardless of whether the surviving spouse takes under the will). However, this right may be waived by the surviving spouse. See Arledge, supra.[2]
In the instant matter, appellant is both the surviving spouse and the executrix of the estate. In Ohio, it is the duty of the executrix to distribute the assets of the estate to those beneficiaries who have a right to such funds either under the will or by law. See In re Hirsch's Estate (1946), 146 Ohio St. 393, 66 N.E.2d 636; see, generally, R.C.2113.53 (permitting the executrix to make distribution immediately after appointment).
Appellant, acting in her capacity as the executrix of the estate, filed an application for certificate of transfer of the tract of land to the grandsons. In so doing, she selected and marked a box on the application that stated, "Decedent's known debts have been paid or secured to be paid." Clearly, the purpose of selecting this box is to ensure the probate court that the property can be transferred because, to the knowledge of the executrix, no one else has a claim to the property. As appellant stated in her brief to this Court, the family allowance is considered a debt of the estate. See, generally, 1 Anderson's Ohio Probate Practice (2001) 175, Section 14.03. Thus, by declaring to the probate court that there were no outstanding debts, appellant effectively waived her right to the family allowance.
Further, appellant recognized, in her brief to this Court, that she had effectively waived the family allowance: "A mistake was made in this estate. Under direction of counsel, [appellant] applied for a Certificate of Transfer stating that all debts [had] been paid or secured to be paid."
Appellant invites us to order the lower court to rescind the certificate of transfer, and then grant the property to her as a family allowance, because she was unaware of her right to a family allowance. We decline appellant's invitation on the basis that, by her own actions, she effectively waived the right. Again, whether appellant's alleged mistake was the result of the ill advice of her attorney is an issue that is not before this Court.
In sum, we find that appellant has failed to meet her burden of showing that the probate court abused its discretion by acting unreasonably, unconscionably or arbitrarily. See Serb, 63 Ohio St.3d at 506,589 N.E.2d at 30.
Moreover, we find the result in this matter particularly equitable in light of the fact that appellant was the executrix of the estate. We might give more pause to appellant's arguments had she not made the decisions she is now contesting herself.
As the foregoing is dispositive of the instant appeal, appellant's remaining arguments are moot. See James A. Keller, Inc. v. Flaherty (1991), 74 Ohio App.3d 788, 791, 600 N.E.2d 736, 738 (holding that, "[i]t is not the duty of a court to decide purely academic or abstract questions * * *").
Therefore, appellant's assignments of error are OVERRULED in toto, and the judgment of the Washington County Court of Common Pleas, Probate Division, is AFFIRMED.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellees recover of appellant costs herein taxed.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS, PROBATE DIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
 __________________________________ David T. Evans, Judge
NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] We note that the probate court, in the instant matter, did not squarely rest its judgment on the issue of waiver. Nevertheless, it is within the discretion of appellate courts to address such issues. See App.R. 12(A); accord Hungler v. City of Cincinnati (1986),25 Ohio St.3d 338, 496 N.E.2d 912.