**TROUTMAN, Appellant,**

**v.**

**ESTATE OF TROUTMAN et al., Appellees.**

[Cite as *Troutman v. Estate of Troutman*, 189 Ohio App.3d 19, 2010-Ohio-3778.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 23699.

Decided Aug. 13, 2010.

20

Michael D. Matlock and Worrell A. Reid, for appellant.

David M. Rickert, for appellees the Estate of Larry Troutman and W. Michael Conway, Administrator of the Estate of Larry Troutman.

William A. Sherman II, for appellee the Estate of Roger Troutman.

Lu Ann Stanley, for appellee Lace Troutman.

***

DONOVAN, Presiding Judge.

{¶ 1} Plaintiff-appellant, Lynette Troutman, appeals from a decision of the Montgomery County Court of Common Pleas, Probate Division, filed on September 25, 2009. Appellant filed a timely notice of appeal on October 16, 2009.

I

{¶ 2} Larry Troutman formed the Zap Band at some time prior to 1978 with his brothers, Roger, Terry, and Lester Troutman. In exchange for royalties generated by the performance of their musical works, Larry and his brothers executed contracts in which they assigned their interest in the copyrighted material to BMI, Inc., and LaStrada, Inc., who promoted and distributed their music.

{¶ 3} Larry Troutman married appellant in 1981 and remained married to her until his death in April 1999. Two children were born of the marriage. The record establishes that on April 25, 1999, Larry shot and killed his brother, Roger Troutman. Shortly thereafter, Larry committed suicide. Larry died intestate. The estate of Roger Troutman brought a wrongful-death action against the estate of Larry Troutman on April 24, 2001. The matter was subsequently dismissed without prejudice for failure to prosecute on July 15, 2008.[1]

{¶ 4} On March 14, 2008, appellant filed a complaint for a declaratory judgment in which she sought a determination that as Larry Troutman's surviving spouse, she and the children have the right to royalties generated by songs in which Larry had copyright interest at the time of his death. Appellant also requested that the court find that Larry's estate did not have any claim to the royalties from the songs.

{¶ 5} On April 11, 2008, the estate of Roger Troutman filed a motion to dismiss pursuant to Civ.R. 12(B)(6), in which it argued that the applicable copyright laws gave the estate of Larry Troutman, not his surviving spouse or heirs, the present right to receive royalties. On June 24, 2008, the estate of Larry Troutman filed a

---

1. Appellant alleges that an out-of-court settlement was negotiated between the decedents' estates to be paid out of royalties received into Larry's estate from the copyrights that appellant claims are her property.

memorandum in support of the motion to dismiss. Lace Dior Love Troutman, one of Larry Troutman's children with appellant, filed a memorandum in opposition to the motion to dismiss on June 25, 2008.

{¶ 6} On June 30, 2008, the court converted the motion to dismiss into a motion for summary judgment pursuant to Civ.R. 56 after finding that the estate of Larry Troutman's memorandum in support contained evidence outside the original pleadings. The court provided all parties to the litigation with an opportunity to respond to the converted motion for summary judgment. Appellant did not provide any response to the converted motion.

{¶ 7} On August 21, 2008, the court granted in part and denied in part the converted motion for summary judgment. In its decision, the court held that pursuant to federal copyright law, only the songs written by Larry Troutman prior to 1978 *could* be deemed to have vested in his surviving spouse and his children and pass outside of the estate. The court ruled that the songs written by Larry Troutman after 1978, however, were the property of his estate and did not vest in his surviving spouse or his children. Thus, neither appellant nor her children were entitled to the royalties from the post–1978 songs.

{¶ 8} Appellant filed a notice of appeal with this court in case No. CA 22953. However, on February 11, 2009, the parties filed a joint motion to remand the case to the probate court since the decision was not a final, appealable order. In an order filed February 27, 2009, we granted the parties' joint motion for remand, and the case was sent back to the probate court for disposition.

{¶ 9} On June 3, 2009, the court entered default judgment against several nonanswering parties. In order to facilitate the issuance of a final, appealable order, the parties filed a stipulation on September 8, 2009, wherein the parties agreed that the estate of Larry Troutman had a potential interest in only one song copyrighted before January 1, 1978, and that no royalties had been paid for that particular song. The parties further stipulated that the remainder of the musical works at issue were copyrighted post–1978 and that substantial royalties had been paid based upon those works.

{¶ 10} On September 25, 2009, the court issued a final, appealable order in which it held that the royalties from the post–1978 songs were the property of the estate of Larry Troutman. The court also held that the royalty rights in Larry Troutman's pre–1978 songs were the property of appellant and the children.

{¶ 11} It is from this judgment that Lynette Troutman now appeals.

## II

{¶ 12} Appellant's sole assignment of error is as follows:

{¶ 13} "Whether or not the trial court's entry granting summary judgment in part and denying summary judgment in part was contrary to federal copyright laws, in light of the court's holding that royalties relating to post–1978 copyrights were properly payable to the decedent's estate (and essentially, to creditors of the estate) and not to deceased author's surviving spouse and children."

{¶ 14} In her sole assignment, appellant contends that the court erred when it held that pursuant to federal copyright statutes, the royalties earned from the decedent's post–1978 songs were properly payable to the estate of the decedent. Appellant also argues that a genuine issue existed as to whether Larry Troutman transferred the copyrights to his musical works prior to his death in 1999.

{¶ 15} A declaratory-judgment action allows a court of record to declare the rights, status, and other legal relations of the parties. Civ.R. 57 and R.C. 2721.01. When a declaratory-judgment action is disposed of by summary judgment, an appellate court's review of the trial court's resolution of the legal issues is de novo. Hence, summary judgment is proper if:

{¶ 16} "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129.

{¶ 17} Initially, we note that no genuine issue exists with respect to whether Larry Troutman transferred or assigned the copyrights to his post–1978 songs. The record clearly establishes that members of the Zap Band, including Larry Troutman, assigned their interest in their post–1978 musical works "to BMI, Inc. and LaStrada, Inc., * * * which, in turn, agreed by contract to market said musical material and to pay the brothers royalties generated by marketing and licensing the public performance of said material." Thus, it is apparent from the face of appellant's own complaint that the decedent transferred his copyrights to the post–1978 songs for licensing and distribution purposes prior to his death, and no genuine issue exists regarding that fact.

{¶ 18} Section 201(d)(1), Title 17, U.S. Code, states:

{¶ 19} "(d) Transfer of Ownership.—

{¶ 20} "(1) The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law, and may be bequeathed by will *or pass as personal property by the applicable laws of intestate succession.*" (Emphasis added.)

{¶ 21} It is undisputed that Larry Troutman died without leaving a will. Since Larry died intestate, his right to receive royalties from the post–1978 songs passed not to appellant and his children, but rather to his estate. Until distribution, the administrator of Larry's estate has a duty to collect the assets and complete administration of the estate, which includes settling the payment of estate obligations. *In re Hirsch's Estate* (1946), 146 Ohio St. 393, 32 O.O. 445, 66 N.E.2d 636. The administrator of the estate is also charged with the duty to administer personal property, including income generated therefrom. *Winters Natl. Bank & Trust v. Riffe* (1965), 2 Ohio St.2d 72, 31 O.O.2d 56, 206 N.E.2d 212; see R.C. 2113.31 (administrator is also chargeable with all the proceeds of personal and real estate sold for the payment of debts or legacies, and all the interest, profit, and income that in any way comes to his hands from the personal estate of the deceased). Appellant has provided no legal authority to support her argument that the rights to the royalties from the songs copyrighted after January 1, 1978, pass outside the decedent's estate and immediately vest with her and the children of Larry Troutman. Thus, the court correctly held that the royalties from the post–1978 songs passed to the estate of Larry Troutman upon his death intestate.

{¶ 22} Additionally, "the Copyright Act also provides a process for terminating transfers of any copyright interest executed on or after January 1, 1978. [Section 203(a), Title 17, U.S. Code.] Under § 203(a), the surviving spouse and the children of a deceased author may terminate any conveyance of a copyright interest executed on or after January 1, 1978, by the author of the copyrighted work. * * * The termination interest may be exercised beginning thirty-five years from the date of the execution of the conveyance and continuing for a period of five years. § 203(a)." *Broadcast Music, Inc. v. Roger Miller Music, Inc.* (C.A.6, 2005) 396 F.3d 762.

{¶ 23} Pursuant to Section 203, Title 17, U.S. Code, the right to terminate the transfers of the copyrights immediately vested in appellant and her children upon the death of Larry Troutman. Neither appellant nor her children, however, may exercise their right to terminate the transfers of the copyrights until 35 years have passed from the date of the execution of the grants. Since Section 203(a)(3), Title 17 U.S. Code, applies only to transfers executed on or after January 1, 1978, appellant cannot exercise her right of termination until 2013, at the earliest. Upon termination of the transfers in 2013, the right to receive royalties from the songs' copyrights will immediately vest in and become payable to appellant and her children born from her marriage to Larry Troutman.

{¶ 24} Appellant's sole assignment of error is overruled.

III

{¶ 25} Appellant's sole assignment of error having been overruled, the judgment of trial court is affirmed.

Judgment affirmed.

FAIN and VUKOVICH, JJ., concur.

JOSEPH J. VUKOVICH, J., of the Seventh District Court of Appeals, sitting by assignment.