**FLOYD, Guardian of Estate of Arthur Dunford, An Incompetent, Plaintiff-Appellant, v. CLYNE et, Defendants-Appellees.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24544.   Decided December 18, 1958.

Clarence J. Oviatt, Lody Huml, for plaintiff-appellant.
Clyne, Kane, Ray & Talty, for defendants-appellees.

(HUNSICKER, PJ, of the Ninth District, HORNBECK, PJ, of the Second District, PETREE, PJ, of the Tenth District, sitting by designation in the Eighth District.)

## OPINION

By PETREE, PJ.

This is an appeal on questions of law in a case which arose in the Court of Common Pleas of Cuyahoga County and which was brought by the guardian of Arthur Dunford, an incompetent, against Clyne and McCrone, defendants, claiming that they had secured a quit-claim deed from Dunford which was fraudulent, null, and void, and seeking an order from the court to require Defendant Monroe, County Treasurer, to pay to plaintiff $2,332.32, remaining from a tax sale on 18.04 acres of land in Cuyahoga County.

Dunford died before the cause came to trial, and the Court of Common Pleas revived the cause in the name of plaintiff, Florence D. Floyd, who had been appointed administratrix of the estate of Arthur Dunford. Defendants Clyne and McCrone had filed an answer and cross-petition also seeking the surplus funds in the hands of the County Treasurer. The trial court granted the motion of Defendants Clyne and McCrone for judgment at the close of the opening statement and awarded judgment to said defendants on their cross-petition.

Apparently, the court was relying upon the case of **Czako v. Orban, 133 Oh St 248,** the syllabus of which reads as follows:

"The right to cancel a deed obtained from a grantor by mistake, fraud, duress, or undue influence descends to his heirs if it existed in the ancestor unimpaired at the time of his death."

The instant case should be distinguished from Czako v. Orban, supra, for the title did not exist in Arthur Dunford at the time of his death or at the time of the purported quit-claim deed to Defendants Clyne and McCrone. Months before the purported quit-claim deed, the 18.04 acres of land had been forfeited to the state of Ohio. The administratrix had tendered the $100 admittedly paid by Clyne and McCrone and had asked the court to grant her the surplus over and above the amount required by the state to pay the taxes on the land-forfeiture sale of July 13, 1953, the property having been forfeited to the state about March 13, 1953, while the purported deed was dated July 11, 1953.

In **Skehan v. Larkin, 41 Oh Ap 85, Paragraphs 2** and **3** of the headnote are as follows:

"2. Right of action to set aside gifts of personal property by decedent only passed to personal representative who is real party in interest (§§10673 and 10678 GC).

"3. Testatrix's brother, who was legatee, could not maintain action to set aside gifts of personal property by testatrix to executrix because not real party in interest (§§10673 and 10678 GC)."

We hold that the administratrix had the right to maintain an action to obtain the surplus remaining after the state had been paid the taxes and costs incident to the sale and that such surplus is personal property. The trial should have been permitted to proceed, evidence taken, and a determination made as to whether the instrument under which Defendants Clyne and McCrone were attempting to obtain the surplus was null and void.

Incidentally, Clyne and McCrone had sued in a separate action for this surplus, and their case had been consolidated for trial with that of the administratrix. This is not an action to regain title in the name of the former owner, Dunford, but an attempt to regain the surplus in the name of Dunford's administratrix. Such surplus is personal property, and if the so-called quit-claim deed is a nullity, Clyne and McCrone have no right to said surplus.

It is our opinion that this action is one maintained on behalf of the real party in interest and that the motion of the defendants to dismiss should have been overruled. The judgment of the Court of Common Pleas for Defendants Clyne and McCrone on their motion to dismiss plaintiff's petition and to grant them judgment on their cross-petition will be reversed, and the cause will be remanded to the Court of Common Pleas of Cuyahoga County for the trial of the issues in full and on the merits. All assignments of error of the appellant, plaintiff in the lower court, are well-taken and sustained.

Judgment reversed and cause remanded.

HORNBECK, PJ, HUNSICKER, PJ, concur in judgment.