THE WINTERS NATIONAL BANK & TRUST CO., EXR., APPELLEE, *v.* RIFFE, APPELLEE; GRAF, APPELLANT, ET AL.

(No. 38810—Decided April 7, 1965.)

*Messrs. Lair, Herkins, Lair & Wiseman,* for plaintiff-appellee.

*Mr. Mathias H. Heck,* for defendant-appellee.

*Messrs. Turner, Wells, Granzow & Spayd* and *Mr. Robert V. Spayd,* for appellant.

O'NEILL, J. One of the assignments of error of the appellant is that the Court of Appeals erred in determining that Section 2105.06, Revised Code, gives the spouse electing under Section 2107.39, Revised Code, an undivided fractional interest in each item of personal property in the decedent's estate.

The Court of Appeals relied upon *Barlow* v. *Winters National Bank & Trust Co., Trustee,* 145 Ohio St. 270, 280. Likewise, the Probate Court relied upon the *Barlow case, supra,* and the defendant-appellee before this court, in her brief, relied solely upon the *Barlow case, supra.*

The lower court has applied the rule set forth in the *Barlow case* to personal property. However, an examination of the *Barlow case* and the opinion of Judge Hart therein indicates that the rule announced in that case applied only to real estate, and that personal property was not involved. This is clear

from the syllabus, and it is equally clear from the opinion of Judge Hart where, at the outset, he said:

"The sole question to be determined is: Where *real estate* is devised in a childless testator's will to a trustee therein named, and the surviving spouse elects to reject the provisions of the will in her behalf and to take her interest in the estate under the statute of descent and distribution * * * does title to a statutory share in such *real estate* pass to her in fee simple as an estate of inheritance, subject to the payment of debts of the estate?" (Emphasis added.)

The language in the opinion, at page 280, relied upon by the Court of Appeals is dicta and, even as such, does not support the position of the court below.

Paragraph one of the syllabus in the *Barlow case* provides as follows:

"Where the relict of a deceased husband elects not to take under his will, she takes her share not by way of a distributive share in money, but *by way of inheritance* as though it came to her from her deceased husband as an intestate * * *." (Emphasis added.)

Section 2105.06, Revised Code, provides:

"When a person dies intestate having title or right to any personal property or to any real estate or inheritance in this state, such *personal property shall be distributed* and such real estate or inheritance shall descend and pass in parcenary * * *." (Emphasis added.)

Paragraph two of the syllabus of the *Barlow case* states the rule with regard to real estate as follows:

"If an estate of such deceased husband consists wholly or in part of real estate, and his widow, as relict, elects not to take under his will but under the statute of descent and distribution, she takes her quantitive share in such real estate as an estate of inheritance, subject to sale, if necessary, to pay the debts of the estate of her deceased husband."

The rule is and has long been that in intestate estates, where heirs take by way of inheritance, they take title to the real estate immediately upon the death of the intestate, and the heirs, rather than the administrator, are directly entitled to real estate rents from the date of death.

The rule with regard to personalty, however, is equally well established that the administrator of an intestate estate, rather than persons who take by way of inheritance, takes title to the personalty and is entitled to collect the income thereon from the date of death.

"It is well established that as a general rule the legal title to personal property of which decedent died possessed does not vest at his death in his next of kin or distributees * * * but vests, for the time being, in his executor or administrator, who is the proper person to follow such property into the hands of others or dispose of it." 33 Corpus Juris Secundum 1341, Executors and Administrators, Section 299.

In *DuVall* v. *Faulkner,* 113 Ohio St. 543, at page 545, it is stated:

"* * * the title to * * * personal property of a deceased person passes to his personal representative, his executor or administrator, pending the settlement of the estate, and * * * this is true whether he dies testate or intestate. * * * After the debts are paid, the balance of the personal property is either divided in kind, pursuant to the terms of the will, or is reduced to money and then divided, all in accord with the orders of the Probate Court."

It is clear that Mrs. Riffe is entitled to one-half of the net estate of her deceased husband. She is entitled to an undivided one-half interest in all the real estate which is a part of his estate, and she is entitled to such additional amount as will make the total of her share one-half of the net estate, the additional amount to be made up of personalty or cash proceeds from the sale of personalty.

The question now arises as to what disposition the executor shall make of the A. T. & T. stock to which it has title.

It is clear that this stock has been specifically bequeathed to a trust under item II of the will. It is equally clear that the amount of the estate to which Mrs. Riffe is entitled can be entirely met from an undivided one-half interest in the real estate and from personal property which has not been specifically bequeathed under the will.

Section 2113.55, Revised Code, provides:

"Before making distribution in kind of property *which is*

*not specifically bequeathed,* an executor or administrator shall obtain the approval of the Probate Court or the consent of all of the legatees or distributees whose interests may be affected by such distribution. A distribution in kind may be made to any beneficiary, including an executor, administrator, trustee, guardian, *and the surviving spouse."* (Emphasis added.)

After the payment of debts, the executor should distribute the 790 shares of A. T. & T. stock to the trustee named in item II of the will for the creation of a trust for the benefit of Miss Graf in accordance with the terms of item II of the will. The one-half of the net value of the estate to which the surviving spouse is entitled as a result of her election should be made up of an undivided one-half interest in the real estate, plus distribution to her of sufficient personal property, either in kind or in money resulting from the sale of such personal property, as shall make her share one-half of the net appraised value of the estate. Such a distribution is in accord with the established law of this state and is also in accord with the intentions of the testator as expressed clearly by the terms of his will.

It is not necessary to consider the other assignments of error asserted by the appellant in this cause of action, for the reason that a determination of this single assignment of error is dispositive of this case.

The judgment of the Court of Appeals is, therefore, reversed.

*Judgment reversed.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, HERBERT, SCHNEIDER and BROWN, JJ., concur.