[Cite as *US Bank NA v. Swartz*, 2019-Ohio-2021.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

U.S. Bank National Association,
Successor by Merger to the Leader
Mortgage Company, LLC, Successor by
Merger to the Leader Mortgage Company,

     Plaintiff-Appellee,

v.

Unknown Heirs, Legatees, Devisees,
Executors, Administrators and Assigns
and Their Spouses, if any, of
Kathleen M. Swartz aka
Kathleen Marie Swartz et al.,

     Defendants-Appellees,

(Connie S. D'Andrea,

     Defendant-Appellant).

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 18AP-665
(C.P.C. No. 17CV-4730)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on May 23, 2019

**On brief:** *Isaac Wiles Burkholder & Teetor LLC, Cynthia B. Roberts,* and *Dale D. Cook,* for appellee Helen A. Swartz. **Argued:** *Dale D. Cook.*

**On brief:** *Kemp, Schaeffer & Rowe Co., L.P.A., Steven D. Rowe,* and *Michael P. Ferguson,* for appellant Connie S. D'Andrea. **Argued:** *Michael P. Ferguson.*

APPEAL from the Franklin County Court of Common Pleas

NELSON, J.

{¶ 1} Connie D'Andrea says that she contracted with Donald Swartz to buy a dilapidated condominium that had been owned by his late mother, Kathleen Swartz.

Kathleen Swartz had died more than six months earlier, and Donald Swartz held himself out as his mother's executor. D'Andrea Affidavit at ¶ 3, 7-9. After the real estate closing fell through because Kathleen Swartz's will apparently did not satisfy probate requirements, Ms. D'Andrea says that she and Donald Swartz agreed that she would move into the property, buy materials, and help fix it up. *Id.* at ¶ 14. She thus incurred substantial expenses, she avers, but Donald Swartz then died. *Id.* at ¶ 15-18 and Ex. G.

{¶ 2} Donald Swartz's wife, Helen Swartz, became Administrator of Kathleen Swartz's estate. *See id.* at ¶ 5; Answer of Defendant Helen A. Swartz, prefatory paragraph. Administrator Helen Swartz has argued that her husband did not have authority to make any such agreements and, although not accepting that argument, the trial court in the context of a larger foreclosure action granted Helen Swartz summary judgment against Ms. D'Andrea's mechanic's lien claim on the property because the claim had not been presented to probate within six months of Kathleen Swartz's death. Aug. 8, 2018 Decision and Entry Granting Defendant Helen A. Swartz's Motion for Summary Judgment at 3, 4 ("Summary Judgment Decision").

*****

{¶ 3} We begin our de novo evaluation of the challenged grant of summary judgment with an overview drawn from the trial court's ruling and from the Answer Brief of Appellee Helen Swartz as Administrator of the Estate of Kathleen Schwartz. That perspective, which we put forward only for purposes of this ruling on appeal and not as a determination of any disputed facts, signals a problem with the summary judgment that closer inspection confirms.

{¶ 4} Kathleen Swartz "died intestate on April 6, 2016." Answer Brief of Appellee Helen Swartz at 3. She left four children, including her son Donald. Summary Judgment Decision at 2.

{¶ 5} More than six months later, "on or about October 21, 2016," Donald Swartz and the appellant here, Connie D'Andrea, executed what they styled a "Real Estate Purchase Contract" regarding the "Slaton [Court] Property." Ms. D'Andrea signed as "Buyer," and Donald Swartz signed as "Seller" in a further stated capacity as "Executor for Kathleen M. Swartz." But Donald had not been designated Executor. Helen Swartz Answer Brief at 3.

{¶ 6}   "On or about October 29, 2016, D'Andrea allegedly began incurring expenses for work on the Slaton Property * * *."  *Id.*  "D'Andrea states she and Donald Swartz, part owner of the property [by virtue of intestate succession], made agreements for certain repairs to occur on the property."  Summary Judgment Decision at 4, citing D'Andrea Affidavit at ¶ 14, 16.  (Those D'Andrea affidavit paragraphs together with paragraph 12 further aver that after closing on the "Purchase" fell through because Kathleen Swartz's will had not been notarized, she and Donald agreed that she would buy materials, and later that she would provide labor, for the improvements.)

{¶ 7}   "Donald Swartz died unexpectedly on March 30, 2017."  Helen Swartz Answer Brief at 4.

{¶ 8}   Ms. D'Andrea "continued to purchase materials for improvements [to the property] through [the next month,] April 30, 2017, having [allegedly] incurred $25,504.47 worth of expenses * * *."  *Id.*

{¶ 9}   Ms. D'Andrea filed "an Affidavit for mechanic's lien *against the Slaton Property* with the Franklin County Recorder's Office on May 12, 2017."  *Id.* (emphasis added).  We note that filing came roughly a month and a half after Donald's death.

{¶ 10} The Estate of Kathleen Swartz was opened on June 2, 2017, and Donald's "Surviving Spouse" Helen Swartz was appointed Administrator.  Summary Judgment Decision at 1 (spousal relationship between Donald and Helen); Helen Swartz Answer Brief at 4 (regarding Kathleen's estate).

{¶ 11} A lending bank filed to foreclose on the Slaton Court property, seeking to name all parties with an interest.  The bank amended its complaint to add Ms. D'Andrea "as a result of [her] purported mechanic's lien"; Ms. D'Andrea answered and cross-claimed in foreclosure asserting the validity of her lien "in connection with altering and improving the Slaton Property"; and Helen Swartz answered the cross-claim, denying Ms. D'Andrea's stated interest, and then moved for summary judgment against it.  Helen Swartz Answer Brief at 1-2.

{¶ 12} The Slaton Court property now has been sold, but we are told that the sale has not yet been confirmed.  *Id.* at 2.

{¶ 13} The trial court determined that title to the property had passed to Donald Swartz and his three sisters immediately upon their mother's death on April 6, 2016.

Because Donald Swartz was a part-owner of the property, the court said, a mechanic's lien could secure his "express or implied" contract to pay for improvements. "As the contract between Donald Swartz and [Ms.] D'Andrea was contemplated under [the mechanic's lien statute] R.C. §1311.02, the Court finds issues of material fact exist[ ] regarding the validity of * * * D'Andrea's mechanic's lien." Summary Judgment Decision at 4.

{¶ 14} The court further determined, however, that Ms. D'Andrea's potentially valid mechanic's lien as then asserted in her cross-claim was " 'forever barred' " by operation of R.C. 2117.06 because it had not been " 'presented within six months' " of Kathleen Swartz's death. Summary Judgment Decision at 4 (quoting statute regarding presentation of claims against estate). The trial court therefore granted summary judgment to Helen Swartz on the D'Andrea cross-claim, in what it labeled a final appealable order. Summary Judgment Decision at 4-5. Ms. D'Andrea assigns that grant as error. Appellant's Brief at 6.

{¶ 15} Under the trial court's theory, Ms. D'Andrea's assertion of her lien fell "outside the six-month requirement" that began running when "Kathleen Swartz passed on April 6, 2016." Summary Judgment Decision at 4.

{¶ 16} The trial court thought, that is, that any such claim had to have been presented by October 6, 2016. But the agreement, or the initial agreement, between Donald Swartz and Ms. D'Andrea that the trial court found established the basis for a potentially valid mechanic's lien wasn't even formed until October 21, 2016. *Id.* at 3-4 ("Donald Swartz was a title holder [in the property] at the time of the creation of the contract, October 21, 2016"). And by Helen Swartz's own recital, it wasn't until "October 29, 2016, [that Ms.] D'Andrea allegedly began incurring expenses for work on the Slaton Property." Helen Swartz Answer Brief at 3.

{¶ 17} So under the trial court's theory, and Helen Swartz's, Ms. D'Andrea was required to present her (potentially otherwise valid) mechanic's lien to the Probate Court before she had any basis to undertake any work to improve the property and before she began any such work. That doesn't seem quite right.

{¶ 18} And we think it's not, because Kathleen Swartz's death did not trigger a six-month limitations period on any valid mechanic's lien claims asserted for work that was based on agreements with subsequent owners of the property.

{¶ 19} First, we agree with the trial court that Donald Swartz became a part owner of the Slaton Court property immediately on his mother's death.  This was not because she selected him as her "Executor," but because he was one of her children.  "Ohio law has consistently held [that] 'heirs of an intestate take title to real estate immediately upon death of the intestate.'  *Kirschner v. Fannie Mae*, No. G-4801-Cl-201002088-000, 2011 Misc. Lexis 16068, at \*6 (Ct. Com. Pl. Jan. 13, 2011) (citing *Pollard v. Hilliard*, 6th Dist. No. 7816, 1974 Ohio App. Lexis 3462 (Dec. 27, 1974); *Carr v. Hull*, 65 Ohio St. 394 (1901); *Overturf v. Dugan*, 29 230 (1876); *Winters Nat'l Bank & Trust Co. v. Riffe* (1965), 2 Ohio St.2d 72 (1965)."  Summary Judgment Decision at 3 (also citing *Brower v. Hunt*, 18 Ohio St. 311 (1868)).

{¶ 20}  As the Supreme Court of Ohio said in *Winters*:  "The rule is and has long been that in intestate estates, where heirs take by way of inheritance, they take title to the real estate immediately upon the death of the intestate, and the heirs, rather than the administrator, are directly entitled to real estate rents from the date of death."  2 Ohio St.2d at 76.

{¶ 21} Helen Swartz concedes that Donald Swartz "may have" possessed "some" "interest" in the property upon his mother's death and at the time he entered into the claimed agreements with Ms. D'Andrea.  *See* Helen Swartz Answer Brief at 8.  Under Ohio's statute of descent and distribution, real property of an intestate passes "in parcenary" (that is, under a condition of joint title, before the common inheritance has been divided, *see* Black's Law Dictionary, 5th ed., 1979) "to the children of the intestate," if there is no surviving spouse.  R.C. 2105.06(A); *see also* R.C. 2105.11 ("When a person dies intestate leaving children and none of the children of the intestate have died leaving children \* \* \*, the estate shall descend to the children of the intestate living at the time of the intestate's death in equal proportion").  And the Supreme Court of Ohio relatively recently has confirmed that "[i]t is well settled that 'the law strongly favors the immediate vesting of estates.' "  *Stevens v. Radey*, 117 Ohio St.3d 65, 67 (2008) (citation omitted).

{¶ 22} We also agree with the trial court in its plain reading of the mechanic's lien statute that "[e]very person who performs work \* \* \* upon or furnishes material in furtherance of any improvement undertaken by virtue of a contract, express or implied, with the \* \* \* part owner \* \* \* of any interest in real estate, \* \* \* has a lien to secure the

payment therefor upon the improvement and all interests that the * * * part owner * * * may have or subsequently acquire in the land or leasehold to which the improvement was made * * *." R.C. 1311.02. *See* Summary Judgment Decision at 4 (pursuant to agreement with part owner of the property, Ms. D'Andrea may have a valid mechanic's lien as "contemplated" by statute against the property interest of that part owner).

{¶ 23} But we part company with the trial court on its view that in this context, any such mechanic's lien would be trumped by R.C. 2117.06 provisions involving creditor claims against an estate (as not brought within six months of Kathleen Swartz's death). *See* Summary Judgment Decision at 4. Ms. D'Andrea's mechanic's lien was not against the person of Kathleen Swartz or her estate, but rather, in the words of Helen Swartz's brief, "against the Slaton Property," *see* Helen Swartz's Answer Brief at 4; the lien did not arise, if at all, until *after* Kathleen Swartz had died and Donald Swartz, in the trial court's analysis, had come into a partial interest in the property by operation of law, subject, perhaps, to certain debts of the estate.

{¶ 24} Put another way, Kathleen Swartz's unfortunate death triggered Donald Swartz's ownership interest, but the timing of her death was not otherwise relevant to whether a mechanic's lien later arose that is enforceable regarding Donald Swartz's interest in the property. *See* R.C. 1311.02 (mechanic's lien is on "the improvement and all interests that the * * * *part owner* * * * *may have* or subsequently acquire in the land * * * *") (emphasis added).

{¶ 25} As the Ninth District Court of Appeals has explained: "Given the nature of the mechanic's lien, the lien follows the property, and not the current or former owners of the property. The lien does not magically transform into an in personam right against any former owner of the property simply because that property [had] passed through his hands at some point in time. An in personam right only exists where there is some separate contractual relationship between the parties. Accordingly, a suit purely to enforce a mechanic's lien turns on whether the lien is currently valid as against the property." *Mollohan v. Court Dev., Inc.*, 9th Dist. No. 03CA008361, 2004-Ohio-2118, ¶ 22, abrogated on other grounds, *IBEW, Local Union No. 8 v. Vaughn Indus., LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439 (citation omitted). *See also, e.g., Guernsey Bank v. Milano Sports Enters., LLC*, 177 Ohio App.3d 314, 2008-Ohio-2420, ¶ 71 (10th Dist.) ("*all* actions to

enforce a mechanics' lien are in rem * * * * [W]henever a holder of a mechanics' lien enforces its lien in court, it recovers against the property based upon a statutorily-granted right") (emphasis in original); *Mid-Ohio Mechanical, Inc. v. Eisenmann Corp.*, 5th Dist. No. 07-CA-000035, 2009-Ohio-5804 ("A proceeding brought to enforce a mechanic's lien deals with the status of the property itself, and is therefore recognized as a suit in rem. *Schuholz v. Walker* (1924), 111 Ohio St. 308, 312 * * *; *Crandall v. Irwin* (1942), 139 Ohio St. 253, 257-58"); *Crandall*, 139 Ohio St. at 259 (proceeding to "foreclose a mechanic's lien is an action in rem against the property * * * and does not require a judgment in personam"); *Capital City Lumber Co. v. Ellerbrock*, 7 Ohio App.2d 202, 207 (10th Dist.1966) (foreclosure on mechanic's lien is in rem and not in personam).

{¶ 26} Ms. D'Andrea is party to this broader foreclosure case because of her mechanic's lien on the property being foreclosed. We are not positioned to make a judgment about whether Ms. D'Andrea's asserted mechanic's lien actually was or remains valid, and no factual determination has been made with regard to any proper amount of such lien; rather, we simply determine that assertion of the lien here was not barred by the passage of six months from the time of Kathleen Swartz's death. (We do note that the sale price of the property presumably would reflect any extent to which the value of the property was enhanced by the improvements Ms. D'Andrea claims to have made, but the factual issues that Helen Swartz suggests in arguing that there was no real value to "any repairs and improvements allegedly made," *see* Helen Swartz Answer Brief at 9-10, are not properly before us on this appeal.) The trial court erred in deciding that the D'Andrea cross-claim was barred because of that six-month period, and we reverse the summary judgment grant on that basis.

## Conclusion

{¶ 27} We sustain the sole assignment of error, reverse the trial court's grant of summary judgment to Helen Swartz on Connie D'Andrea's cross-claim, and remand this matter to the trial court for further proceedings consistent with this opinion.

*Judgment reversed; case remanded.*

BRUNNER and BEATTY BLUNT, JJ., concur.

————————————