[Cite as *Hurton v. Boyer*, 2020-Ohio-2790.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


| | | |
|---|---|---|
| DANIEL HURTON, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-T-0086** |
| ANDREW BOYER, | : | |
| Defendant, | : | |
| VICTORIA DANIELS, | : | |
| Defendant-Appellant. | : | |


Civil Appeal from the Niles Municipal Court, Case No. 2019 CVG 00732.

Judgment: Affirmed.


*Sergey Rumyantsev*, Neuman Law Office, LLC, 761 N. Cedar Ave., Suite 1, Niles, Ohio 44446 (For Plaintiff-Appellee).

*Calder Mellino* and *Meghan C. Lewallen*, The Mellino Law Firm LLC, 19704 Center Ridge Road, Rocky River, Ohio 44116 (For Defendant-Appellant Victoria Daniels).


MARY JANE TRAPP, J.

{¶1}   Appellant, Victoria Daniels ("Ms. Daniels"), appeals the judgments of the Niles Municipal Court denying her motion to dismiss, or, in the alternative, motion for summary judgment, denying her motion for a directed verdict, and finding in favor of appellee, Daniel Hurton ("Mr. Hurton"), and against herself and Andrew Boyer ("Mr. Boyer") for unpaid rent and damages following a bench trial.

{¶2} Ms. Daniels' assignments of error are premised on the same argument. According to Ms. Daniels, at the time Mr. Hurton leased the subject real property to herself and Mr. Boyer, it was owed by the estate of Judith Hurton ("Judith"). Thus, Ms. Daniels argues that the lease is invalid because Mr. Hurton and his wife, Hope Hurton ("Mrs. Hurton"), signed it in their individual capacities without ownership of the real property or authority to lease it.

{¶3} After a careful review of the record and pertinent law we find as follows:

{¶4} First, since Ms. Daniels has not challenged the sufficiency of Mr. Hurton's complaint on appeal, we limit our review to the trial court's denial of summary judgment. The trial court properly denied summary judgment to Ms. Daniels. Since Judith died intestate, Mr. Hurton obtained title to the property pursuant to Ohio's statute of descent and distribution, and his title vested immediately upon Judith's death. Therefore, Mr. Hurton had authority to enter into the lease agreement.

{¶5} Second, Ms. Daniels has not filed a transcript of the trial proceedings to demonstrate she moved for a directed verdict or that the trial court denied such a motion. However, any such motion would be properly denied based on the foregoing law.

{¶6} Finally, to the extent the trial court's finding that Mr. Hurton signed the lease as the "executor" of the estate conflicts with the trial exhibits, the trial court's judgment that Mr. Hurton had the right to enter into the lease agreement was correct under Ohio law.

{¶7} Thus, we affirm the judgment of the Niles Municipal Court.

**Substantive and Procedural History**

{¶8} Judith died intestate on June 6, 2018 owning the residential real property located at 632 Pearl Street in Niles, Ohio. On September 6, 2018, the Trumbull County Probate Court appointed Mr. Hurton as the administrator of Judith's estate.

{¶9} On September 12, 2018, Mr. and Mrs. Hurton entered into a written agreement leasing the property to Mr. Boyer and Ms. Daniels.

{¶10} In February 2019, an amended certificate of transfer issued by the probate court was recorded in the Trumbull County records transferring record title of the property into Mr. Hurton's name.

{¶11} In July 2019, Mr. Hurton filed a complaint in the Niles Municipal Court against Ms. Daniels and Mr. Boyer for restitution of the property and judgment for unpaid rent and damages. The eviction action was ultimately dismissed in August 2019 because the tenants had vacated the property.

{¶12} On November 13, 2019, Ms. Daniels, through counsel, filed a motion to dismiss, or, in the alternative, motion for summary judgment. In the first portion of her motion, Ms. Daniels requested dismissal of Mr. Hurton's claims pursuant to Civ.R. 12. Ms. Daniels argued that Mr. Hurton was not a real party in interest under Civ.R. 17 because he did not allege in his complaint that, at the time the lease was executed, he was the owner of the property or had authority to lease it. In support of dismissal, Ms. Daniels relied on the allegations in Mr. Hurton's complaint and the lease attached to his complaint.

{¶13} In the second portion of her motion, Ms. Daniels requested summary judgment pursuant to Civ.R. 56. Ms. Daniels argued that Judith's estate rather than Mr.

3

Hurton had title to the property at the time the lease was executed. In support of summary judgment, Ms. Daniels attached the amended certificate of transfer, the probate court's docket of the administration of Judith's estate, and a printout from the Trumbull County Auditor's website regarding the property's transfer history

{¶14} On the same date, the trial court issued a judgment entry summarily overruling Ms. Daniels' motion and ordering that the case proceed to trial. Ms. Daniels also filed an answer on this date.

{¶15} The matter proceeded to a bench trial on November 19, 2019. Mr. Hurton appeared with counsel. Ms. Daniels did not appear, but counsel appeared on her behalf. Mr. Boyer did not appear, nor did any counsel appear on his behalf.

{¶16} Ms. Daniels has not filed a transcript of proceedings with this court, although the trial exhibits are a part of the trial court record. Mr. Hurton's trial exhibits consisted of the lease agreement and evidence relating to past due rent and physical damage to the property. Ms. Daniels' trial exhibits consisted of the same documents that she referenced in support of summary judgment.

{¶17} The trial court subsequently issued a judgment entry ruling in favor of Mr. Hurton and awarding him money damages. Relevant here, the trial court determined that Mr. Hurton had the right to enter into the lease agreement. The trial court found that Mr. Hurton was the "executor" of Judith's estate and was appointed prior to the signing of the lease. The trial court rejected Ms. Daniels' argument that Mr. Hurton had no right to sign the lease where the property had not yet been transferred into his name, finding that such a result would curtail an executor in his or her attempt to administer the estate in an efficient and responsible manner. The trial court further found that an executor's

4

obligation is to act with due care, which actions are supervised by the probate court, and that Mr. Hurton was rightfully attempting to perform an executor's key responsibility of managing an estate's assets.

{¶18} Ms. Daniels appealed and now sets forth the following three assignments of error for our review:

{¶19} "[1.] When a Complaint for Eviction was based on an invalid lease, the Trial Court committed error in not granting Appellant's Motion to Dismiss, or, in the alternative, Motion for Summary Judgment.

{¶20} "[2.] The trial court erred in failing to grant Defendant-Appellant's motion for directed verdict where Plaintiff-Appellee failed to prove ownership or legal authority to lease the property at the time the lease was executed.

{¶21} "[3.] When the subject matter real property was subject to Probate Court administration, the Trial Court erred in granting judgment in favor of Appellee who signed the lease only in his individual capacity, not as administrator of the Estate."

### Motion to Dismiss/For Summary Judgment

{¶22} In her first assignment of error, Ms. Daniels argues that the trial court erred by denying her motion to dismiss, or, in the alternative, motion for summary judgment.

### *Civ.R. 12 Arguments*

{¶23} As set forth above, Ms. Daniels' motion consisted of two portions. In the first portion, Ms. Daniels requested dismissal pursuant to Civ.R. 12, arguing that Mr. Hurton is not a real party in interest under Civ.R. 17. Ms. Daniels did not cite the applicable section of Civ.R. 12, but she was presumably arguing that Mr. Hurton failed to state a claim upon which relief can be granted pursuant to Civ.R. 12(B)(6). *See Flagship*

5

*Mgt. Servs., Inc. v. Grube*, 4th Dist. Scioto Nos. 93CA2180, et al., 1994 WL 577703, *3-4 (Oct. 19, 1994) (recognizing that a motion under 12(B)(6) is a method to object to a lack of a real party in interest).

{¶24} In this first portion, Ms. Daniels did not reference any documents beyond Mr. Hurton's complaint and the lease attached to it. A copy of any written instrument attached to a pleading is a part of the pleading for all purposes. Civ.R. 10(C). Where documents are attached or incorporated into the complaint, the face of the complaint to be evaluated includes those documents. (Citations omitted.) *Radtke v. Chester Twp.*, 11th Dist. Geauga No. 2014-G-3222, 2015-Ohio-4016, ¶18.

{¶25} In the second portion of her motion, Ms. Daniels requested summary judgment pursuant to Civ.R. 56 and referenced documents attached to her motion.

{¶26} On appeal, Ms. Daniels argues that the lease is invalid based on the documents that she referenced in support of summary judgment. She does not challenge the sufficiency of Mr. Hurton's complaint to state a claim.

{¶27} To receive consideration on appeal, errors must be argued and supported by legal authority and citation to the record. *Loukinas v. Roto-Rooter Servs. Co.*, 167 Ohio App.3d 559, 2006-Ohio-3172, ¶9 (1st Dist.), citing App.R. 16(A). Errors not argued in a brief will be regarded as having been abandoned. *Id.* Therefore, we will limit our review to whether the trial court properly denied summary judgment to Ms. Daniels.

### *Mootness or Harmless Error*

{¶28} Before considering whether the trial court erred in denying summary judgment to Ms. Daniels, we must address whether any such error is now moot or harmless.

6

{¶29} Ordinarily, "the denial of a motion for summary judgment is not a point of consideration in an appeal from a final judgment entered following a trial on the merits." *Continental Ins. Co. v. Whittington*, 71 Ohio St.3d 150, 156 (1994). If a trial court denies summary judgment due to the existence of a genuine issue of material fact, and the nonmoving party then prevails at trial, any error in denying the motion for summary judgment is moot or harmless. *Id.* at 155-56. Any error in the trial court's evaluation of the evidence at the summary judgment stage becomes moot or harmless when a full and complete development of the facts at trial—as opposed to the limited factual record elicited through discovery—entitles the non-moving party to judgment. *Id.* To allow a summary judgment decision based on less evidence to prevail over a verdict reached on more evidence would defeat the fundamental purpose of judicial inquiry. *Id.* at 157.

{¶30} However, if a trial court denies a motion for summary judgment on legal grounds, the alleged error in that ruling is not rendered moot or harmless by a subsequent trial on the merits. *Id.* at 158. An appellate court, therefore, may review a denial of a motion seeking summary judgment on a pure question of law regardless of the nonmoving party's success at trial. *Capella III, LLC v. Wilcox*, 190 Ohio App.3d 133, 2010-Ohio-4746, ¶14 (10th Dist.).

{¶31} Ms. Daniels sought summary judgment on the grounds that the lease is invalid because Mr. Hurton did not own the property at the time the lease was executed. The resolution of this issue does not depend on disputed issues of material fact but instead on long-standing principles of Ohio law. We thus conclude that the subsequent bench trial did not render harmless the asserted error in the denial of Ms. Daniels' motion for summary judgment.

7

### Standard of Review

{¶32} Pursuant to Civ.R. 56(C), summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. (Citations omitted.) *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶36. In addition, it must appear from the evidence and stipulations that reasonable minds can come to only one conclusion, which is adverse to the nonmoving party. (Citations omitted.) *Id.*

{¶33} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.* at ¶40.

{¶34} The "portions of the record * * * are those evidentiary materials listed in Civ.R. 56(C) * * * that have been filed in the case," which are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and

8

written stipulations of fact." *Dresher* at 292; Civ.R. 56(C). The trial court may consider a type of document not expressly mentioned in Civ.R. 56(C) if such document is incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). *HSBC Mtge. Servs., Inc. v. Edmon*, 6th Dist. Erie No. E-11-046, 2012-Ohio-4990, ¶8.

{¶35} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112." *Welch* at ¶40.

### Civ.R. 56(C) Evidence

{¶36} We note that the exhibits Ms. Daniels attached in support of summary judgment were not incorporated by reference in a properly framed affidavit pursuant to Civ.R. 56(E). However, this court has held that a post-trial review of denial of summary judgment is not confined to a review of only the evidence presented at the time of the motion but rather includes all the evidence presented at trial. *Avery Dennison Corp. v. Con-Way Transp. Servs. Inc.*, 11th Dist. Lake No. 2005-L-218, 2006-Ohio-6106, ¶19. These exhibits are also part of the trial record, and the trial court's judgment entry indicates that Ms. Daniels' exhibits were admitted without objection. Thus, we may properly consider them.

9

*Vesting of Title*

{¶37} The exhibits in the record demonstrate the following: (1) Judith died intestate in June 2018 owning the Pearl Street property; (2) the probate court appointed Mr. Hurton as the administrator of Judith's estate on September 6, 2018; (3) Mr. and Mrs. Hurton leased the property to Mr. Boyer and Ms. Daniels on September 12, 2018; (4) Mr. and Mrs. Hurton signed the lease in their individual capacities, and (5) the property was transferred into Mr. Hurton's name pursuant to an amended certificate of transfer recorded in February 2019.

{¶38} Ms. Daniels argues that Mr. Hurton was not the owner of the property when he signed the lease in September 2018. Rather, she claims that the property still belonged to Judith's estate and that title only transferred to Mr. Hurton upon the recording of the amended certificate of transfer. Thus, Ms. Daniels concludes that the lease is invalid. Ms. Daniels' contentions conflict with long-established principles of Ohio law.

{¶39} The amended certificate of transfer indicates that Judith died intestate. R.C. 2105.06, which is Ohio's statute of descent and distribution, provides that "[w]hen a person dies intestate having title * * * to any real property or inheritance, in this state, * * * the real property or inheritance shall descend and pass in parcenary, except as otherwise provided by law," pursuant to the order of succession set forth in subsections (A) through (K).[1]

{¶40} The Supreme Court of Ohio has long held that "in intestate estates, where heirs take by way of inheritance, they take title to the real estate immediately upon the death of the intestate, and the heirs, rather than the administrator, are directly entitled to

---

1. Mr. Hurton states that Judith was his mother. However, the record does not establish their blood relationship.

real estate rents from the date of death." *Winters Natl. Bank & Trust Co. v. Riffe*, 2 Ohio St.2d 72, 76 (1965).

{¶41} In addition, R.C. 2113.61 governs certificates of transfers. It provides, in relevant part, as follows:

{¶42} "(A)(1) *When real property passes by the laws of intestate succession* * * *, the administrator * * * shall file in probate court, at any time after the filing of an inventory that includes the real property but prior to the filing of the administrator's * * * final account, an application requesting the court to issue a certificate of transfer as to the real property. * * *

{¶43} "(C) * * * [W]ithin five days following the filing of an application for a certificate of transfer that complies with division (B) of this section, the court shall issue a certificate of transfer for record in each county in this state in which real property so passing is situated * * *." (Emphasis added.)

{¶44} The statute's use of the phrase "[w]hen real estate passes by the law of intestate succession" indicates that a certificate of transfer is not a conveyance but constitutes a memorialization by the probate court of what occurred with respect to a real estate title upon the decedent's death. *See Platt v. Estate of Petrosky*, 2d Dist. Greene No. 91-CA-105, 1992 WL 172161, *1 (July 24, 1992); *Ohio Northern Univ. v. Ramga*, 3d Dist. Auglaize No. 2-88-1, 1990 WL 97651, *4 (July 12, 1990) (Whiteside, J., dissenting).

{¶45} Further, the amended certificate of transfer at issue in this case utilized Standard Probate Form No. 12.1, which expressly states that the decedent died "intestate" owning the property and that the property "passed by devise, descent or election."

{¶46} Under Ohio law, Mr. Hurton obtained title to the property pursuant to the statute of descent and distribution. His title to the property vested immediately upon Judith's death. As the owner of the property who is entitled to collect its rents, Mr. Hurton was authorized to enter into the lease agreement in his individual capacity with Mr. Boyer and Ms. Daniels. The amended certificate of transfer simply memorialized the fact that the transfer of title to Mr. Hurton had previously occurred by operation of law. Mrs. Hurton also properly executed the lease in her individual capacity because she obtained dower rights to the property. *See* R.C. 2103.02 ("A spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage").

{¶47} Ms. Daniels also argues that Mr. Hurton did not have authority to lease the property in his capacity as the administrator of Judith's estate. Since Mr. Hurton executed the lease in his individual capacity as the owner of the property, this argument is moot.

{¶48} We conclude that the trial court properly denied summary judgment to Ms. Daniels. Accordingly, Ms. Daniels first assignment of error is without merit.

### Directed Verdict

{¶49} In her second assignment of error, Ms. Daniels argues that the trial court erred in denying her motion for a directed verdict.

{¶50} Because a motion for a directed verdict presents a question of law, an appellate court must conduct a de novo review of the trial court's judgment. (Citations omitted.) *Bliss v. Chandler*, 11th Dist. Geauga No. 2006-G-2742, 2007-Ohio-6161, ¶48.

12

{¶51} Pursuant to Civ.R. 50(A)(4), "[w]hen a motion for a directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."

{¶52} "Under this rule, a trial court may not grant a directed verdict unless the evidence, when construed in the light most favorable to the nonmoving party, leads reasonable minds to only one conclusion, and that conclusion is adverse to the nonmovant." (Citations omitted.) *Bliss* at ¶47.

{¶53} "A motion for a directed verdict does not present a question of fact or raise factual issues; rather, it presents a question of law, even though in deciding such a motion it is necessary to review and consider the evidence." *Ruta v. Breckenridge-Remy Co.*, 69 Ohio St.2d 66 (1982), paragraph one of the syllabus. A motion for a directed verdict tests the legal sufficiency of the evidence, not the weight of the evidence or the credibility of witnesses. *Id.* at 68.

{¶54} We note that Ms. Daniels has not provided a transcript of the trial proceedings pursuant to App.R. 9(B), nor did she submit a statement of the evidence, proceedings, or case, as authorized by App.R. 9(C) and (D). In fact, Ms. Daniels indicated in her notice of appeal that a transcript or statement was unnecessary.

{¶55} The duty to provide a transcript for appellate review is with the appellant, as the appellant has the burden of showing error by reference to the record. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980); *see* App.R. 9(B)(1) ("[I]t is the

obligation of the appellant to ensure that the proceedings the appellant considers necessary for inclusion in the record * * * are transcribed * * *.").  When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and, thus, the court has no choice but to presume the validity of the trial court's proceedings and affirm.  *Knapp* at 199.

{¶56}  Ms. Daniels states in her brief that she moved for a directed verdict following the close of Mr. Hurton's case on the basis that Mr. Hurton "failed to prove he owned the property when the lease was executed and did not obtain authority from Trumbull County Probate Court to lease the property," which the trial court denied.  The trial court's judgment entry does reference a motion for a directed verdict.  Without a transcript, there is nothing in the record reflecting that Ms. Daniels move for a directed verdict on this basis or that the trial court ruled upon such a motion.

{¶57}  In the event Ms. Daniels' contentions are accurate, however, we find no error.  As discussed above, the trial exhibits establish as a matter of law that Mr. Hurton owned the property prior to leasing it.  Therefore, a directed verdict based on Ms. Daniels' stated reasons would be properly denied.

{¶58}  Ms. Daniels' second assignment of error is without merit.

### Manifest Weight of the Evidence

{¶59}  In her third assignment of error, Ms. Daniels argues that the trial court erred in granting judgment in favor of Mr. Hurton.

{¶60}  In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley*

14

*Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus. When reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80-81 (1984). This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Id.* at 80. "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not." *Id.* at 81.

{¶61} Ms. Daniels challenges the trial court's findings that Mr. Hurton was acting as the administrator of the estate and in the estate's best interest when he leased the property.

{¶62} By not filing a transcript of the trial proceedings, Ms. Daniels has failed to comply with App.R. 9(B)(4), which states "[i]f the appellant intends to present an assignment of error on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of proceedings that includes all evidence relevant to the findings or conclusion." This court has stated that without a transcript or other acceptable alternative, it is impossible for an appellate court to analyze a manifest weight of the evidence argument. *Mentor v. Kreischer*, 11th Dist. Lake No. 93-L-198, 1994 WL 590330, *1 (Sept. 23, 1994).

{¶63} However, Ms. Daniels' argument is based on the trial exhibits, which are part of the record, rather than credibility or witness testimony. Further, in his brief, Mr.

15

Hurton does not contend that he executed the lease in his capacity as the fiduciary of the estate. Therefore, we will consider Ms. Daniels' argument.

{¶64} The trial court's finding that Mr. Hurton signed the lease agreement as the "executor" of Judith's estate appear to conflict with the documentary evidence. Since Judith died intestate, the probate court appointed Mr. Hurton as the "administrator" of her estate rather than the "executor." *See* R.C. 2113.01. And although the appointment occurred prior to the leasing of the property, it appears that Mr. Hurton signed the lease agreement solely in his individual capacity and presumably as the property owner. This conclusion is supported by the fact that Mrs. Hurton also signed the lease agreement, since she held dower rights relating to the property.

{¶65} Even if these findings are incorrect, however, we do not find reversible error. Civ.R. 61 provides that "[n]o error or defect in any ruling or order or in anything done or omitted by the court * * * is ground * * * for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect substantial rights of the parties."

{¶66} Further, "[w]here the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof." *Agricultural Ins. Co. v. Constantine*, 144 Ohio St. 275, 284 (1944). When a trial court has stated an erroneous basis for its judgment, an appellate court must affirm the judgment if it is legally correct on other grounds, that is, it achieves the right result for the

16

wrong reason, because such an error is not prejudicial.  *State v. Payton*, 124 Ohio App.3d 552, 557 (12th Dist.1997).

{¶67}  The trial court's judgment that Mr. Hurton had the right to sign the lease agreement was the correct result based on our previous discussion of Ohio law. Therefore, we find that any error on the part of the trial court was harmless.

{¶68}  Ms. Daniels' third assignment of error is without merit.

{¶69}  Based on the foregoing, the judgment of the Niles Municipal Court is affirmed.


TIMOTHY P. CANNON, P.J.,

MATT LYNCH, J.,

concur.

17